IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-14126-CIV-GRAHAM

STEPHANIE LEAMON, JACQUELYN
TORRES and DANIEL HALL,

    Plaintiffs,

vs.

GLOBAL WIRELESS SERVICES,
INC., a New York corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, STEPHANIE LEAMON (LEAMON), JACQUELYN TORRES (TORRES) and DANIEL HALL (HALL) by and through their undersigned counsel, hereby sues Defendant GLOBAL WIRELESS SERVICES (GLOBAL) and alleges as follows:

### Nature of Action

1.    This is an action for recovery of unpaid overtime compensation owed to Plaintiffs pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, as amended ("FLSA").

### Jurisdiction and Venue

2.    Jurisdiction in this Court is proper as Plaintiffs' claim is brought pursuant to the FLSA to recover back wages, liquidated damages and reasonable attorney's fees and costs. Jurisdiction over this action is founded upon § 216(b) of the FLSA [29 U.S.C. 216(b)].

3. The acts and omissions that give rise to this action occurred in Martin County, Florida. Venue is therefore proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b).

### Parties

4. At all times material hereto, Plaintiff LEAMON was and is a resident of St. Lucie County, Florida. LEAMON was and continues to be employed as a sales associate for GLOBAL in the State of Florida since December 21, 2005 and was and continues to be subjected to the pay practices described herein resulting in the failure to pay overtime compensation in accordance with the requirements of the FLSA.

5. At all times material hereto, Plaintiff TORRES was and is a resident of St. Lucie County, Florida. TORRES was employed as a sales associate and manager for GLOBAL in the State of Florida from August, 2005 through September, 2005 and from December, 2005 through April 11, 2006, and was subjected to the pay practices described herein resulting in the failure to pay overtime compensation in accordance with the requirements of the FLSA.

6. At all times material hereto, Plaintiff HALL was and is a resident of St. Lucie County, Florida. HALL was and continues to be employed as a sales associate and assistant manager for GLOBAL in the State of Florida since January 5, 2006 and was and continues to be subjected to the pay practices described herein resulting in the failure to pay overtime compensation in accordance with the requirements of the FLSA.

7. At all times material hereto, GLOBAL was a New York corporation doing business in Martin County, Florida.

8.  GLOBAL is engaged in the business of providing wireless service and sales to customers in several states, including Florida. At all times material hereto, GLOBAL employed Plaintiffs, who were regularly engaged in interstate commerce.

9.  At all times material hereto, GLOBAL had annual gross sales or business done of not less than $500,000.00. By reason of the foregoing, GLOBAL was and is an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA.

## General Allegations

10. During the relevant time period, Plaintiffs were employed by GLOBAL at GLOBAL'S Treasure Coast Mall, Jensen Beach, Florida location.

11. During the relevant time period, Plaintiffs were paid an hourly wage and salary by GLOBAL. When Plaintiffs were designated as salaried employees, GLOBAL did not pay them a salary of at least $455.00 per week.

12. Plaintiffs worked in excess of forty hours in several work weeks during the relevant time period.

13. GLOBAL has engaged in the following acts or pay practices that have resulted in the failure to pay Plaintiffs overtime compensation as required by the FLSA in work weeks in which they work in excess of forty hours per week.

   a.  failing to record and credit all working hours by employing practices including but not limited to, limiting hours to a set schedule, rather than on the numbers of hours they actually were required, suffered or permitted to work; and

   b.  failing to pay time and one-half overtime premium for all hours worked in excess of forty per work week.

## Count I

## UNPAID OVERTIME OF LEAMON

14. Plaintiff LEAMON hereby incorporates paragraphs 1 through 14 of the Complaint by reference.

15. Since December 21, 2005, LEAMON has in several work weeks during her employment worked, and continues to work, in excess of forty hours per week for GLOBAL. In these work weeks, LEAMON was not paid overtime compensation by GLOBAL as is required by the FLSA.

16. As a direct and proximate result of GLOBAL'S underpayment of wages, LEAMON has been damaged in the loss of wages, and has incurred and is incurring costs and reasonable attorney's fees.

17. GLOBAL'S failure to pay overtime was deliberate, willful and without any legal justification. Consequently, LEAMON is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

WHEREFORE, LEAMON demands judgment against GLOBAL for compensatory damages (unpaid overtime), liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

## Count II

## UNPAID OVERTIME OF TORRES

18. Plaintiff TORRES hereby incorporates paragraphs 1 through 14 of the Complaint by reference.

19. Since August, 2005 through September, 2005 and Decembr, 2005 through April 11, 2006, TORRES has in several work weeks during her employment worked in excess of forty hours per week for GLOBAL. In these work weeks, TORRES was not paid overtime compensation by GLOBAL as is required by the FLSA.

20. As a direct and proximate result of GLOBAL'S underpayment of wages, TORRES has been damaged in the loss of wages, and has incurred and is incurring costs and reasonable attorney's fees.

21. GLOBAL'S failure to pay overtime was deliberate, willful and without any legal justification. Consequently, TORRES is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

WHEREFORE, TORRES demands judgment against GLOBAL for compensatory damages (unpaid overtime), liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

## Count III

## UNPAID OVERTIME OF HALL

22. Plaintiff HALL hereby incorporates paragraphs 1 through 14 of the Complaint by reference.

23. Since January 5, 2006, HALL has in several work weeks during his employment worked, and continues to work, in excess of forty hours per week for GLOBAL. In these work weeks, HALL was not paid overtime compensation by GLOBAL as is required by the FLSA.

24. As a direct and proximate result of GLOBAL'S underpayment of wages, HALL has been damaged in the loss of wages, and has incurred and is incurring costs and reasonable attorney's fees.

25. GLOBAL'S failure to pay overtime was deliberate, willful and without any legal justification. Consequently, HALL is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

WHEREFORE, HALL demands judgment against GLOBAL for compensatory damages (unpaid overtime), liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

### Demand for Jury Trial

Plaintiff demands trial by jury of all issues so triable.

Dated: __May 10__, 2006.

**LEWIS, MORTELL & LEWIS**
Attorney for Plaintiff
1115 East Ocean Boulevard
Stuart, Florida  34996
(772) 286-7861

By: _____
  LEE J. BAGGETT, ESQUIRE
  Fla. Bar No. 0467189

JS 44
(Rev. 12/95)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
STEPHANIE LEAMON, JACQUELYN TORRES AND DANIEL HALL

## DEFENDANTS
GLOBAL WIRELESS SERVICES, INC., a New York corporation

06 - 14126 CIV - GRAHAM MAGISTRATE JUDGE LYNCH

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: St. Lucie
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Lee J. Baggett, Esq.
1115 E. Ocean Boulevard
Stuart, FL 34996   (772) 286-7861

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury – Product Liability | | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| B☐ 220 Foreclosure | ☒ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | B☐ 540 Mandamus & Other | | | A OR B |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | B☐ 550 Civil Rights | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Violation of the Fair Labor Standards Act, 29 U.S.C., Sec. 201 et seq., as amended

LENGTH OF TRIAL
via 4 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ ___

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE ___   DOCKET NUMBER ___

DATE 5/10/06
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 232182   AMOUNT $350.00   APPLYING IFP ___   JUDGE Graham   MAG. JUDGE Lynch
3034
2:06cv14126